**SO ORDERED.**

**SIGNED this 22 day of February, 2019.**

_____

**David M. Warren**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:                                                        CASE NO. 18-00256-5-DMW

**ROBERT W. BATTEN**
**DONNA L. BATTEN**                                  CHAPTER 13

        **DEBTORS**

---

**ROBERT W. BATTEN and**
**DONNA L. BATTEN**

        **PLAINTIFFS**

     **vs.**

**PANATTE, LLC**

        **DEFENDANT**

     **ADVERSARY PROCEEDING NO.**
     **18-00061-5-DMW**

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter comes before the court upon the Defendant's Motion to Dismiss ("Motion to

Dismiss") filed by Panatte, LLC ("Defendant") on August 15, 2018 and the Plaintiffs' Objection

to Defendant's Motion to Dismiss filed by Robert W. Batten and Donna L. Batten ("Plaintiffs")

on September 24, 2018.  The court conducted a hearing in Raleigh, North Carolina on November

8, 2018.  Joseph J. Vonnegut, Esq. appeared for the Defendant, and J. M. Cook, Esq. appeared for the Plaintiffs.  Based upon the pleadings and arguments of counsel made in memoranda and at the hearing, the court grants the Motion to Dismiss for the reasons set forth herein.

## PROCEDURAL BACKGROUND

The Plaintiffs filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code on January 18, 2018 ("Petition Date"), and the court appointed John F. Logan, Esq. ("Trustee") to administer the case pursuant to 11 U.S.C. § 1302.  In their Schedule E/F filed on February 19, 2018, the Plaintiffs listed the Defendant as having a nonpriority unsecured claim in the amount of $51,588.69 but noted this claim as disputed because of an alleged uncollectable promissory note ("Note").

On March 26, 2018, the Defendant filed a Proof of Claim ("Claim") for $52,034.35 due on the Petition Date under the Note executed by the Plaintiffs in favor of Dollar Mortgage Corporation on April 5, 2000 for the original principal amount of $20,000.00.  The Note provides for the Plaintiffs to make monthly payments for a period of 25 years, with the Note maturing on April 10, 2025.  The Defendant designated its Claim as secured, because repayment of the Note is secured by a deed of trust ("Deed of Trust") executed by the Plaintiffs on April 5, 2000 and recorded on April 25, 2000 with the Franklin County Register of Deeds in Book 1173, Pages 489-93.  The Deed of Trust creates a lien on the Plaintiffs' real property ("Property") located at 663 Mallie Pearce Road, Zebulon, North Carolina.  The Property serves as the Plaintiffs' residence.  The Note and the Deed of Trust contain standard acceleration language which gives the holder an option of declaring the Note's entire balance due and payable upon default.  The Defendant is the current holder of the Note and beneficiary under the Deed of Trust pursuant to a series of respective

indorsements and assignments.  The Plaintiffs do not challenge that the Defendant is the holder in due course of the Note.

On June 13, 2018, the Plaintiffs initiated this adversary proceeding by filing a Complaint against the Defendant which sets forth the following causes of action:

1.    Objection to Claim ("First Cause of Action"):  The Plaintiffs seek to disallow the Defendant's Claim, asserting that collection on the Note is barred by the statute of limitations imposed by N.C. Gen. Stat. § 1-47(2).  If the action is barred, then the lien on the Property is ineffective and unenforceable, because it is not supported by a valid debt;

2.    Avoidance of Lien ("Second Cause of Action"):  The Plaintiffs seek to avoid the Defendant's lien on the Property pursuant to 11 U.S.C. §§ 544 and 550, asserting that the lien is not supported by a valid debt.  The lien would then be unenforceable against the Trustee as a hypothetical lien creditor who obtains a perfected lien against the Property on the Petition Date; and

3.    Objection to Claim Based on Violation of Chapter 75 ("Third Cause of Action"):  The Plaintiffs assert the Defendant's actions in connection with collection of the amount due under the Note violate Chapter 75 of the North Carolina General Statutes.  The remedy sought is to disallow the Claim, treble the damages found by the court, and assess attorneys' fees.

The Defendant responded to the Complaint by filing the Motion to Dismiss, defending that the Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

---

[1] Made applicable to adversary proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

## JURISDICTION

The First and Second Causes of Action are core proceedings pursuant to 28 U.S.C. § 157(b)(2), and the court has the authority to hear and determine these matters pursuant to 28 U.S.C. § 157(b)(1). *See L. Ardan Dev. Corp. v. Newell (In re Newell)*, 424 B.R. 730, 734 (Bankr. E.D.N.C. 2010) (recognizing that the allowance or disallowance of a claim is a core proceeding under 28 U.S.C. § 157(b)(2)(B)); *Atlas Fire Apparatus, Inc. v. Beaver (In re Atlas Fire Apparatus, Inc.)*, 56 B.R. 927, 934 (Bankr. E.D.N.C. 1986) (holding that an action to determine under state law the validity and priority of liens encumbering property of the estate is a core proceeding under 28 U.S.C. § 157(b)(2)(K)).  The Third Cause of Action is a non-core proceeding rooted in state law but related to the Plaintiff's ongoing Chapter 13 case, because any recovery could possibly affect distribution to unsecured creditors. *See Valley Historic Ltd. P'Ship v. Bank of N.Y.*, 486 F.3d 831, 836 (4th Cir. 2007) (citations omitted) (holding that a civil proceeding is related to a bankruptcy if the outcome could conceivably influence the bankruptcy estate being administered). The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334 and the General Order of Reference entered on August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

## RULE 12(b)(6) STANDARD

Rule 8 of the Federal Rules of Civil Procedure[2] requires that a pleading that states a claim for relief, usually a complaint, must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) provides a defense to a pleaded claim for relief for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) request to dismiss "challenges the legal sufficiency of a complaint,

---

[2] Made applicable to adversary proceedings by Rule 7008 of the Federal Rules of Bankruptcy Procedure.

considered with the assumption that the facts alleged are true." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citing *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006); *E. Shores Mkts., Inc. v. J.D. Assocs. Ltd. P'Ship*, 213 F.3d 175, 180 (4th Cir. 2000)).  "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

When considering a Rule 12(b)(6) motion to dismiss, a court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  To survive the Rule 12(b)(6) motion to dismiss, the complaint must contain sufficient factual allegations that, when accepted as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Determining whether a complaint states a plausible claim will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## PLAINTIFFS' FACTUAL ALLEGATIONS

The factual allegations set forth in the Complaint and accompanying exhibits are quite simple.  The Plaintiffs executed the Note and Deed of Trust on or about April 5, 2000, and they last made a payment on the account on or about March 1, 2007.  In a letter dated June 19, 2007 ("First Default Letter"), Homecomings Financial, the holder of the Note at that time, notified the Plaintiffs of their default and stated that "[u]nless we receive full payment of all past-due amounts,

5

we will accelerate the maturity of the loan, declare the obligation due and payable without further demand, and begin foreclosure proceedings." Complaint, Ex. A, ECF No. 1.

After a series of assignments of the Note and Deed of Trust resulting in the Defendant becoming the beneficiary, the Defendant's agent contacted the Plaintiffs by a letter dated May 6, 2017 ("Second Default Letter") and titled "45-DAY NOTICE OF INTENT TO FORECLOSE; NOTICE OF RIGHTS." Complaint, Ex. B, ECF No. 1.  In accordance with applicable state and federal law, the Second Default Letter notified the Plaintiffs of the Defendant's intent to commence foreclosure if the Plaintiffs' default under the Note was not cured within 45 days.  Specifically, the Second Default Letter states that "[f]ailure to cure such default within the applicable time period may result in [the Defendant] declaring the entire principal balance, accrued interest and any other fees and charges, including reasonable attorney's fees and costs, due ("Acceleration"). . . . You may prevent Acceleration by paying all amounts currently in arrears . . . ." *Id.*  The Second Default Letter included calculations showing that as of May 6, 2017, the amount in arrears necessary to prevent acceleration was $33,947.60, and the total balance due was $50,894.23.

The Defendant's foreclosure attorney sent the Plaintiffs a letter dated July 11, 2017 ("Third Default Letter") giving a second statutory notice of the Defendant's intent to foreclose the Property; however, the Third Default Letter provided that the Note was in default for only $8,181.06.  This lesser amount from that amount stated in the Second Default Letter resulted from inaccurate information supplied by the Defendant to its attorney concerning the last activity on the account.  In September 2017, the Plaintiffs notified the Defendant that they disputed the validity of the debt.  On or about November 22, 2017, the Defendant initiated a foreclosure action against the Property.  The Plaintiffs thereafter filed their Chapter 13 bankruptcy petition on January 18, 2018.

## DISCUSSION

### First Cause of Action

The Plaintiffs base the First Cause of Action upon North Carolina's ten-year statute of limitations on an action "[u]pon a sealed instrument or an instrument of conveyance of an interest in real property, *against the principal thereto*." N.C. Gen. Stat. § 1-47(2) (2004) (emphasis added). The Plaintiffs contend that this statute of limitations prevents the Defendant from collecting and enforcing the Note, and as a result, the lien on the Property created by the Deed of Trust is not supported by a valid debt, making the Deed of Trust ineffective and unenforceable against the Property.

At the time of the Plaintiffs' bankruptcy petition, over ten years had passed since they last made payment on the Note; therefore, the Defendant was time-barred from bringing a collection action against the Plaintiffs as principals to the Note. The Bankruptcy Code provides that—

> [t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses. A waiver of any such defense by the debtor after the commencement of the case does not bind the estate.

11 U.S.C. § 558. The United States Supreme Court recently recognized that this section allows the debtor to assert a statute of limitations as an affirmative defense to a creditor's claim.[3] *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1412 (2017). The Plaintiffs' defense to an *in personam* action against them for the debt represented by the Note relieves the estate from paying the Claim

---

[3] The Defendant suggests that because N.C. Gen. Stat. § 1-47(2) provides the Plaintiffs with an affirmative defense to an action against them as principals to the Note, the Plaintiffs were improperly using the defense "as a sword and not a shield" in their Complaint against the Defendant. Rule 3007 of the Federal Rules of Bankruptcy Procedure permits, but does not require, objections to claims to be presented to the court within an adversary proceeding. Although the Plaintiffs initiated this adversary proceeding, the First Cause of Action is a proper defense of the Defendant's Claim.

from unencumbered assets; however, the Claim was filed by the Defendant as being secured by the Property.

The Plaintiffs' assertion that N.C. Gen. Stat. § 1-47(2) invalidates the Defendant's lien on the Property is inaccurate. The court was recently presented with this precise issue in *In re Merritt*, No. 17-04884-5-DMW (Bankr. E.D.N.C. Sept. 21, 2018), *appeal docketed*, No. 5:18-cv-00471-BO (E.D.N.C. Sept. 28, 2018).[4] In this case, the Chapter 13 debtor sold property free and clear of a creditor's disputed deed of trust lien which secured a promissory note upon which a payment had not been made in over ten years. The debtor asserted that the creditor was not entitled to any of the proceeds, because the underlying "stale" debt voids the lien. The court examined applicable North Carolina law and determined that the time-barring of a collection action on a debt does not affect a creditor's right to foreclose property securing the debt. *Id.* at *5 (citing *Demai v. Tart*, 221 N.C. 106, 109, 19 S.E.2d 130, 133 (1942); *Edwards v. Hair*, 215 N.C. 662, 664, 2 S.E.2d 859, 860 (1939); *Menzel v. Hinton*, 132 N.C. 660, 662, 44 S.E. 385, 386 (1903)). The North Carolina Supreme Court explains as follows:

> A mortgage or deed of trust which creates a lien upon lands and in effect sets them apart in a trust for the payment of a debt with suitable provisions for sale and application of the proceeds is a separable specific agreement and raises an obligation with respect to both the debt and the lands not comprehended in the promissory note given with respect to the same debt but is in addition thereto, and, in the absence of an agreement to the contrary, it is independently enforceable. The equitable remedy of foreclosure and execution of the [deed of] trust is still available, although the legal remedy of personal action on the note is barred.

*Demai*, 221 N.C. at 109-10, 19 S.E.2d at 133 (citations omitted). Following, the court concluded that for a secured claim to be defeated, "the Debtor must attack the [deed of trust] and the lien it secured on the Property." *Merritt*, *supra*, at *6.

---

[4] On January 17, 2019, the court entered a Consent Order Resolving Appeal of Order Overruling Objection to Claim and Authorizing Disbursement of Funds. The parties have submitted a proposed amendment of this consent order, and the court is informed that the pending appeal will be dismissed after entry of the amended consent order.

In considering the validity and enforceability of the deed of trust in *Merritt*, the court first noted that the North Carolina General Statutes provide that—

> unless the lien of a security instrument has been extended . . . , the security instrument has been foreclosed, or the security instrument has been satisfied of record pursuant to G.S. 45-37, the lien of a security instrument automatically expires, and the security instrument is conclusively deemed satisfied of record pursuant to G.S. 45-37 . . . 15 years after the maturity date [of the secured obligation stated in the security instrument].

N.C. Gen. Stat. 45-36.24(b)(1) (2013).  Applying this statute to the present case, the Defendant's lien on the Property has not expired, because fifteen years have not passed since the Note's stated maturity date of April 10, 2025.

The court in *Merritt* next considered North Carolina's statute of limitations for an *in rem* foreclosure, which the Defendant in this case correctly points out differs from that for an *in personam* collection on the underlying debt and imposes a separate ten-year limitation upon an action—

> [f]or the foreclosure of a mortgage, or deed of trust for creditors with a power of sale, of real property, where the mortgagor or grantor has been in possession of the property, within ten years after the forfeiture of the mortgage, or after the power of sale became absolute, or within ten years after the last payment on the same.

N.C. Gen. Stat. § 1-47(3) (2004).  The court followed the North Carolina Court of Appeals' interpretation that this statute of limitations—

> does not begin to accrue on the date of default (last payment), but instead begins on the date of maturity of the loan, unless the note holder or mortgagee has exercised his or her right of acceleration.  However, if payment on a promissory note is accelerated, the power of sale would begin to run on the date of acceleration.

 *In re Foreclosure of Brown*, 240 N.C. App. 518, 522, 771 S.E.2d 829, 831 (2015) (citing *E.H. & J.A. Meadows Co. v. Bryan*, 195 N.C. 398, 401-02, 142 S.E. 487, 489-90 (1928)).  In *Bryan*, the North Carolina Supreme Court found that acceleration is not automatic upon default and requires a creditor's affirmative action; otherwise, the creditor is presumed to have waived its contractual

option to accelerate, and the ten-year statute of limitations for foreclosure does not begin to run until a defaulted debt matures. *Bryan*, 195 N.C. at 401-02.

Citing *Brown*, the Defendant argues that the First Cause of Action should be dismissed, because at the time of the Plaintiffs' bankruptcy petition, ten years had not passed since it accelerated the Note and commenced foreclosure.  The Plaintiffs counter that dismissal of the First Cause of Action is improper, because the First Default Letter sent over ten years prior to the petition suggests that the Note may have been accelerated when the Plaintiffs did not thereafter cure the default.  If the Plaintiffs had alleged in the Complaint that the Defendant or a predecessor-in-interest accelerated the Note over ten years prior to the Petition Date, then the court would be required to accept that allegation as true and deny dismissal of the First Cause of Action.  The Plaintiffs did not make such an allegation, and the court will not independently infer an allegation of acceleration from the First Default Letter, because the Second Default Letter which was sent well within ten years of the Plaintiffs' petition contradicts that inference with a continued threat of acceleration.  The Plaintiffs base their claim for relief entirely upon the statute of limitations in N.C. Gen. Stat. § 1-47(2), rather than that in N.C. Gen. Stat. § 1-47(3), and N.C. Gen. Stat. § 1-47(2) provides no basis to sustain their objection to the Defendant's secured Claim.[5]

Second Cause of Action

Through the Second Cause of Action, the Plaintiffs seek avoidance of the Deed of Trust's lien on the Property under 11 U.S.C. § 544, which allows a trustee to avoid a transfer of property by the debtor or an obligation incurred by the debtor that is voidable under applicable law by

---

[5] At the hearing, the Plaintiffs' counsel suggested that the Plaintiffs *may* have a cause of action to deem the Defendant's lien on the Property void pursuant to 11 U.S.C. § 506(d), and if the value of a senior lien on the Property is greater than the Property's value, then the Defendant's Claim is wholly unsecured and not subject to the prohibition against modification of a claim secured by Chapter 13 debtor's residence. *See In re Kidd*, 161 B.R. 769 (Bankr. E.D.N.C. 1993).  The court will not consider this possibility, because the Plaintiffs have not included these allegations in the Complaint, but the court concedes that if the lien is indeed determined void, then the Plaintiffs might have a viable defense to the Claim under N.C. Gen. Stat. § 1-47(2).

hypothetical creditors and bona fide purchasers of real property as of the commencement of the case.  If a transfer is avoided under this section, then the trustee may recover the property transferred or the value of such property from initial or subsequent transferees. 11 U.S.C. § 550(a).  The Plaintiffs do not specify upon which applicable law they allege the Defendant's lien can be avoided through 11 U.S.C. § 544, although the court presumes they intend N.C. Gen. Stat. § 1-47(2) as a cited in the First Cause of Action.  Regardless, the Second Cause of Action fails to state a claim upon which relief can be granted, because a Chapter 13 debtor does not have independent standing to assert a trustee's avoidance powers under Chapter 5 of the Bankruptcy Code. *Robinson v. World Omni Financial Corp. (In re Robinson)*, No. 10-00151-8-SWH, 2011 WL 352433, at *2-3 (Bankr. E.D.N.C. Feb. 1, 2011).

<u>Third Cause of Action</u>

Finally, the Plaintiffs allege that the Defendant's actions with respect to the Note and Deed of Trust violated Chapter 75 of the North Carolina General Statutes, titled "Monopolies, Trusts, and Consumer Protection." This chapter embodies a prohibition against unfair and deceptive trade practices, known as the Unfair and Deceptive Trade Practices Act ("UDTPA"), and an enumeration of acts prohibited by debt collectors, known as the North Carolina Debt Collection Act ("NCDCA").  These acts are interrelated, and the NCDCA is essentially an extension of the UDTPA to debt collection practices.

Unfair and deceptive acts in the context of debt collection are codified in the NCDCA, N.C. Gen. Stat. §§ 75-50 to 75-56, and "include the use of threats, coercion, harassment, unreasonable publications of the consumer's debt, deceptive representations, and unconscionable means." *Davis Lake Cmty. Ass'n, Inc. v. Feldmann*, 138 N.C. App. 292, 296, 530 S.E.2d 865, 868 (2000).  A claim for unfair debt collection requires three threshold determinations: (1) the

11

obligation owed must be a "debt," (2) the one owing the obligation must be a "consumer," and (3) the one trying to collect the obligation must be a "debt collector," as those three terms are defined in N.C. Gen. Stat. § 75-50(1) – (3). *Reid v. Ayers*, 138 N.C. App. 261, 263, 531 S.E.2d 231, 233 (2000). The Plaintiffs allege, and the Defendant does not dispute, the satisfaction of all three of these threshold elements, but satisfaction of the threshold requirements does not end the court's inquiry. *Id.* at 265, 531 S.E.2d at 235. If the threshold requirements are satisfied, then a plaintiff must further satisfy "the more generalized requirements of all unfair or deceptive trade practice claims, which are contained in [the UDTPA]." *Id.*

The UDTPA provides that "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts of practices in or affecting commerce, are declared unlawful." N.C. Gen. Stat. § 75-1.1(a) (1977). "In order to establish a *prima facie* claim for unfair trade practices, a plaintiff must show: (1) defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." *Dalton v. Camp*, 353 N.C. 647, 656, 548 S.E.2d 704, 711 (2001) (citing *Spartan Leasing Inc. v. Pollard*, 101 N.C. App. 450, 461, 400 S.E.2d 476, 482 (1991)). These elements are listed in the conjunctive and must all be satisfied.

The Complaint alleges that the Defendant misled and gave false information to its attorney as to the collectability of the debt owed under the Note, and these actions constitute deception by deceptive representation and unconscionable means. The Defendant argues that the Plaintiff failed to plead that the Defendant's actions were "in or affecting commerce" and failed to allege any facts showing that they were deceived by the Defendant's actions. The court agrees that the Complaint is scarce in factual allegations supporting the first two elements for a *prima facie* case

12

under the UDTPA, but even giving the Plaintiffs the benefit of the doubt, the Plaintiffs failed to plead damages which can be awarded by this court.

The Plaintiffs allege that the Defendant's actions forced them to file bankruptcy which has harmed their relationship with other creditors and damaged them "in the amount of the Defendant's claim against the estate." Complaint ¶¶ 37-38, ECF No. 1.  The Plaintiffs pray that the court thus disallow the Defendant's Claim under N.C. Gen. Stat. § 75-56(b).  This subsection of the NCDCA provides that—

> [a]ny debt collector who fails to comply with any provision of this Article with respect to any person is liable to such person in a private action in an amount equal to the sum of (i) any *actual damage* sustained by such person as a result of such failure and (ii) civil penalties the court may allow, but not less than five hundred dollars ($500.00) nor greater than four thousand dollars ($4,000) for each violation.

N.C. Gen. Stat. § 75-56(b) (2009) (emphasis added).  The Plaintiffs further pray that any damages awarded be trebled pursuant to N.C. Gen. Stat. § 75-16, which provides as follows:

> If any person shall be injured or the business of any person, firm or corporation shall be broken up, destroyed or injured by reason of any act or thing done by any other person, firm or corporation in violation of the provisions of this Chapter, such person, firm or corporation so injured shall have a right of action on account of such injury done, and if damages are assessed in such case judgment shall be rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the the verdict.

N.C. Gen. Stat. § 75-16 (1977).

Disallowance of a claim does not equate to a recovery for actual damages and is not a statutory remedy for violation of the NCDCA and UDTPA.  Even if the court determined disallowance of the Claim an appropriate award of damages, which it does not, it is perplexed as to how such "damages" can be trebled.  The court cannot grant the relief requested by the Plaintiff in the Third Cause of Action.

## CONCLUSION

The Plaintiffs initiated this adversary proceeding to prevent any recovery by the Defendant from the Property, either through disallowance of the Claim or avoidance of the Deed of Trust. Although the First Cause of Action makes a credible claim for disallowance of any *in personam* liability on the Note pursuant to N.C. Gen. Stat. § 1-47(2), this cause of action is insufficient to defeat the secured Claim. While dubious, the court recognizes that the Plaintiffs may have a viable defense to the enforceability of the Claim against the Property pursuant to N.C. Gen. Stat. § 1-47(3) and will, therefore, allow the Plaintiffs an opportunity to file an amended complaint to plea this statute of limitations. To the extent that this statute or other applicable law can be used by the Trustee to avoid the Defendant's lien on the Property using the strong-arm powers of 11 U.S.C. § 544 as alleged in the Second Cause of Action, the Plaintiffs may seek joinder of the Trustee in an amended complaint. The Plaintiffs seem to be using the UDTPA and NCDCA as inappropriate backdoor avenues for disallowance of the Claim and are cautioned against reasserting the Third Cause of Action unless they have sustained actual and proximate damages compensable under these acts; now therefore,

It is ORDERED, ADJUDGED, and DECREED as follows:

1.　　The Motion to Dismiss be, and hereby is, granted;

2.　　The Complaint be, and hereby is, dismissed;

3.　　The Plaintiffs be, and hereby are, granted leave to file an amended complaint within sixty days of the date of this Order; and

4.　　If the Plaintiffs do not file timely an amended complaint within sixty days of the date of this Order, then the Clerk shall close this adversary proceeding.

### END OF DOCUMENT

14